IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRS LANDSCAPE ARCHITECTURE, LLC *d/b/a* BIG RED SUN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-CV-972-DII |
| SELENA SOUDERS DESIGN, LLC, BIG RED SUN, LLC, and SELENA SOUDERS, | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff BRS Landscape Architecture, LLC doing business as Big Red Sun's ("BRS Landscape") Motion for Preliminary Injunction. (Dkt. 4). Defendants Selena Souders Design, LLC, ("Selena Souders Design"), BIG RED SUN, LLC, ("BIG RED SUN"), and Selena Souders ("Souders") (collectively, "Defendants") filed a response in opposition. (Dkt. 22). BRS Landscape then filed a reply, (Dkt. 23), and Defendants filed a sur-reply, (Dkt. 25). The Court held a preliminary injunction hearing on January 5, 2024. (Dkt. 27). Having considered the briefing, the arguments made at the hearing, the evidence, and the relevant law, the Court will deny the motion.

### I. BACKGROUND

Souders first used the name "Big Red Sun" for her business selling garden design and landscaping services in and around Austin, Texas in 1994. (Resp., Dkt. 22, at 3). She filed an Assumed Name Certificate with the Travis County Clerk on June 21, 1994. (*Id.*). Souders incorporated her business and formed Big Red Sun, Inc. on December 20, 1999. (*Id.*). In 2001, Souders began operating a retail nursery and fine gift store under the name Big Red Sun. (*Id.* at 4). She also began leasing out an event space she owned at 1102 East Cesar Chavez Street, Austin, TX 78702, also under the name Big Red Sun. (*Id.*)

1

In 2005, Souders moved to Venice, California, where she also operated as Big Red Sun, and allegedly continued to operate as Big Red Sun in Texas. (*Id.*). On May 1, 2007, Souders secured a registered trademark from the United States Patent and Trademark Office for the following stylized mark:

**BIG RED SUN**

(Registration Number 3,236,912) (*Id.*). On February 19, 2008, Souders formed Selena Souders Design, LLC, a sole member Texas limited liability company, with its principal place of business at 560 Rose Avenue, Venice, CA 90291, and registered agent at 1102 East Cesar Chavez Street, Austin, TX 78702. (*Id.* at 5).

On May 11, 2010, Souders and Julie Blakeslee, a non-party to this action, entered into a trademark license agreement (the "License Agreement"). (*Id.*). Under the terms of the License Agreement, Julie Blakeslee, who was the owner of a limited liability company, Big Red Sun Austin, would pay a full license fee totaling $200,000 over a period of ten years for the use of Souders' registered stylized mark pictured above and the name Big Red Sun.[1] (Mot., Dkt. 4, at 7). The term of the License Agreement is perpetual. (*Id.*). From 2010 to 2020, Blakeslee ran Big Red Sun Austin and made payments on the License Agreement. (*Id.*). In 2020, Blakeslee decided to dissolve Big Red Sun Austin and allegedly sold several of Big Red Sun Austin's assets to Courtney DiSabato ("DiSabato") and Joanna Rechnitz ("Rechnitz"). (*Id.*). Blakeslee sent an email to Souders on April 3, 2020, that stated:

> S- i hope you are well! and not completely stir crazy yet. Joanna has asked that I transfer the BRS license over to her. this is an option in

---

[1] The parties disagree as to whether the License Agreement also provided for the use of the name "Big Red Sun." BRS Landscape Architecture contends that the agreement licensed use of both the name and mark, (Reply, Dkt. 23, at 2), while Defendants argue that it only licensed use of the mark, (Resp., Dkt. 22, at 11).

2

> our agreement- i've attached it for easy finding. As the 10 year $10K a year part of the contract is expiring in a few weeks, I wonder if you'd like to visit with Joanna & Courtney about next steps.
>
> Joanna is setting up her LLC and I will continue to consult and design for her when she needs. She will be doing design (Landscape Architecture and garden design) with Construction Administration or Project management-but sub-contracted installs.
>
> This trimmed up version of the company will allow BRS to exist while the economy pulls back together- which at this point may be a couple of years. I think it's a great financial move to extend the brand during the predicted slow down.

[sic] (Pl.'s Ex. 15, Dkt. 29-1, at 10).

On April 15, 2020, DiSabato and Rechnitz registered Plaintiff BRS Landscape as a Texas limited liability company. (Mot., Dkt. 4, at 7). BRS Landscape then filed an Assumed Name Certificate with the Texas Secretary of State for the name Big Red Sun and began doing business as Big Red Sun. (*Id.* at 8). The final payment on the License Agreement was made in May 2020. (*Id.*). The parties contest whether Blakeslee's company, Big Red Sun Austin, was terminated on February 14, 2020, (Resp., Dkt. 22, at 6), or two years later on February 24, 2022, (Reply, Dkt. 23, at 7).

On January 20, 2023, Souders registered the entity Defendant BIG RED SUN, LLC with the Texas Secretary of State and is its sole member. (Mot., Dkt. 4, at 9). On March 30, 2023, Souders sent BRS Landscape a letter demanding that BRS Landscape cease doing business as Big Red Sun and cease all use of the stylized mark Big Red Sun, U.S. Reg. No. 3,236, 912. (*Id.* at 5; Ex. 2, Dkt. 4-1, at 7). The letter stated that Big Red Sun Austin, Blakeslee's company, had "breached its material obligations under the 2010 Agreement and that, due to these breaches, Licensor herein terminates the 2010 Agreement and all licenses contained therein." (Ex. 2, Dkt. 4-1, at 7). The breaches alleged were that Blakeslee knew BRS Landscape started doing business as Big Red Sun in 2020 and failed to alert Souders in violation of Paragraph 3.2 ("No Contest") and Paragraph 3.3 ("Adverse Use") of the License Agreement. (*Id.* at 7–8). A second letter from Souders to BRS Landscape stated that

Blakeslee did not properly transfer the License Agreement to BRS Landscape because BRS Landscape "does not fall into any of the defined categories of qualifying transferees listed in the [License Agreement]." (Ex. 3, Dkt. 4-1, at 10–11).

BRS Landscape filed its original complaint in this action on August 18, 2023, asking for declaratory relief against Defendants. (Compl., Dkt. 1). It filed an amended complaint on November 27, 2023. (Am. Compl., Dkt. 21). In its amended complaint, BRS Landscape requests the following relief: (1) a declaration of non-infringement under the Lanham Act, 15 U.S.C. § 1114 *et seq.*; (2) a declaration of exclusive right to use the Big Red Sun name and registered mark in Texas; and (3) a declaration of liability against Defendants for breach of contract for using the Big Red Sun name and registered mark in Texas. On August 29, 2023, BRS Landscape filed its motion for a preliminary injunction. (Dkt. 4).

## II. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). The denial of a preliminary injunction will be upheld where the movant has failed to sufficiently establish any one of the four criteria. *See Black Fire Fighters Ass'n v. City of Dall., Tex.*, 905 F.2d 63, 65 (5th Cir. 1990).

## III. DISCUSSION

In its motion for a preliminary injunction, BRS Landscape requests that the Court (1) permit BRS Landscape to continue operating under the existing terms of the License Agreement; and (2) enjoin Defendants from using the Big Red Sun stylized mark and name for competing services in Texas. (Dkt. 4, at 5). These two requests are not dependent on one another. Hypothetically, the License Agreement could allow BRS Landscape to continue doing business in Texas as Big Red Sun while also being non-exclusive and allowing Defendants to do business in Texas as Big Red Sun. Therefore, the Court will now address each preliminary request in turn.

### A. Requesting Permission to Continue Operating as Big Red Sun

The Court finds that BRS Landscape's request that the Court permit it to continue operating under the existing terms of the License Agreement is premature. Therefore, the Court cannot find that BRS Landscape is likely to suffer irreparable harm in the absence of this preliminary relief.

A showing of a "substantial threat of irreparable injury" requires that the threatened harm be imminent and one that cannot be remedied through damages. First, the threat of injury must be substantial—meaning, "the threat must be actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *see also Google, Inc. v. Hood*, 822 F.3d 212, 228 (5th Cir. 2016) (injury must be imminent and non-speculative). Second, the injury must be irreparable—an injury "for which compensatory damages are unsuitable." *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24 (5th Cir. 1992); *see also Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (cleaned up); *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages."); *G&G Closed Circuit Events, LLC v. 1) GCF enterprises LLC*, 2015 WL 7313427, at *5

(W.D. Tex. Nov. 19, 2015) ("An irreparable injury is defined as one which cannot be undone through monetary remedies.").

Here, Defendants have not moved for preliminary injunctive relief that would enjoin BRS Landscape from continuing to use the Big Red Sun mark and name[2] during the pendency of this litigation. Therefore, there is no imminent harm to BRS Landscape, and whether BRS Landscape may continue to use the Big Red Sun Marks can be decided "in the ordinary course of litigation." *See Dennis Melancon, Inc.*, 703 F.3d at 279. BRS Landscape, in fact, requests this exact declaratory relief in its amended complaint—a declaration that Plaintiff has not infringed any of Defendants' Big Red Sun Marks, and that, accordingly, Plaintiff is not in violation of the Lanham Act. (Am. Compl., Dkt. 21, at 13).

Because the Court finds that there is no threat of irreparable harm, the Court will not address the remaining preliminary injunction factors as to this request. The Court will not grant BRS Landscape's request that the Court declare it may continue operating under the existing terms of the License Agreement as part of its motion for a preliminary injunction as there is no imminent threat to its ability to do so.

### B. Requesting Defendants be Enjoined from Using the Big Red Sun Marks in Texas

The Court will next consider BRS Landscape's request that the Court enjoin Defendants from using the Big Red Sun Marks for competing services in Texas. In doing so, the Court finds that BRS Landscape has not met its burden to show that it is likely to succeed on the merits.

To show a substantial likelihood of success, "the plaintiff must present a prima facie case, but need not prove that he is entitled to summary judgment." *Daniels Health Sciences, L.L.C. v.*

---

[2] The Court finds that use of the stylized mark, which consists of the words "BIG RED SUN," without concurrent use of the name Big Red Sun would be next-to impossible. Therefore, the Court finds that the License Agreement provides a license for the Big Red Sun name and mark (collectively, the "Big Red Sun Marks").

6

*Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013); *see also Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011) ("All courts agree that plaintiff must present a prima facie case but need not show that he is certain to win.") (citing 11A Fed. Prac. & Proc. Civ. § 2948.3 (3d ed.)). In order to succeed on the merits of its claims that it has an exclusive right to use the Big Red Sun Marks in Texas and that Defendants breached the License Agreement by operating in Texas as Big Red Sun with competing services, BRS Landscape would have to show that the License Agreement is exclusive.[3]

BRS Landscape has not presented a prima facie case that the License Agreement is exclusive. BRS Landscape argues that under the License Agreement, it possesses the exclusive right, even as to the Licensor, to use the Big Red Sun Marks in Texas. (Mot., Dkt. 4, at 15–16). Defendants contend that the License Agreement is non-exclusive and does not prevent the Licensor from using the Big Red Sun Marks in Texas. (Resp., Dkt. 22, at 10–11). The Court agrees with Defendants.

Section 1.1 of the License Agreement states that the "Licensee accepts a non-exclusive (except as set forth in Section 1.2) . . . license to use the Mark." (License Agreement, Dkt. 22-1, at ¶ 1.1). Section 1.2 reads as follows: "During the term of this Agreement, Licensor will not grant to any other person or entity any right or license to use the Mark in Texas." (*Id.* ¶ 1.2). While BRS Landscape contends that Section 1.2 supports its theory of exclusivity, (*see* Mot., Dkt. 4, at 15), the Court finds that it does not. Section 1.2 simply promises that the Licensor will not grant a license to use the Big Red Sun Marks to any other party. It does not promise that the Licensor herself will not use the Big Red Sun Marks.

BRS Landscape further contends that the License Agreement's recitals, along with Section 4.1, prove that it is an exclusive contract. (Mot., Dkt. 4, at 15). BRS Landscape is correct that the

---

[3] Because the Court has denied BRS Landscape's request that the Court preliminarily declare that it may continue to operate as Big Red Sun, the Court declines to reach the question of whether the License Agreement is valid as between BRS Landscape and Defendant Souders at this stage of the litigation.

fourth recital in the License Agreement states that the Licensee "desires to retain the exclusive right in Texas to utilize the name and Mark." (License Agreement, Dkt. 22-1). And Section 4.1 provides that the "Licensee shall have the sole right to contact past and present clients of Big Red Sun in Texas and to provide services for such clients." (*Id.* ¶ 4.1). However, neither of these clauses change the fact that the contract is explicitly non-exclusive. Under California law[4], "[r]ecitals are given limited effect even as between the parties." *Sabetian v. Exxon Mobil Corp.*, 57 Cal. App. 5th 1054, 1069, 272 Cal. Rptr. 3d 144, 155 (2020), *as modified* (Nov. 25, 2020) (cleaned up). However, "if the operative words of a grant are doubtful, recourse may be had to its recitals to assist the construction." *Id.* (citing Cal. Civ. Code § 1068 (West)).

Here, the operative words of the License Agreement are not doubtful. Section 1.1 clearly states that the License Agreement is non-exclusive, and Section 1.2 only prevents Defendant Souders from granting the same license to another entity in Texas, not from using the Big Red Sun Marks herself. Thus, the recitals have no effect on the operative meaning of the License Agreement. Further, while Section 4.1 provides that the Licensee shall have the sole right to contact and serve past and present clients of Big Red Sun, it, too, has no effect on the use of the Big Red Sun Marks by Defendant Souders in Texas.

BRS Landscape also asks the Court to consider the parties' actions when determining if the License Agreement is exclusive. (Reply, Dkt. 23, at 3). For example, BRS Landscape submitted a 2019 e-mail into evidence where Blakeslee wrote to Defendant Souders, " . . . I wanted to mention again, that in our agreement, I understood that you weren't using the BRS name here in Texas . . . ." (Pl.'s Exs., Dkt. 29-1, at 7). In reply, Defendant Souders wrote that she "[doesn't] use the Big Red Sun Austin name" and that she "[doesn't] work in Austin." (*Id.*). While the Court agrees that this e-

---

[4] California law applies to the interpretation of the License Agreement. (*See* License Agreement, Dkt. 22-1, at ¶ 7.8 ("This Agreement will be interpreted and construed in accordance with the laws of the State of California . . . .")).

mail communication is unclear, the License Agreement is not. As Defendants point out, the Court should only consider extrinsic evidence when the contract itself is ambiguous. *See In re Sonoma W. Med. Ctr., Inc.*, No. 18-10665 RLE, 2021 WL 726076, at *125–26 (Bankr. N.D. Cal. Feb. 23, 2021) ("It is . . . well established . . . that if upon a reading of the whole contract the portion of the contract under attack is clear and explicit no extrinsic evidence will be received to vary its plain terms.") (internal citations omitted); *see also Spitser v. Kentwood Home Guardians,* 100 Cal. Rptr. 798, 802 (Cal. Ct. App. 1972) ("[W]hen the language is clear and explicit, does not involve an absurdity (Civ. Code § 1638) and no ambiguity is shown, evidence of conduct is irrelevant. In other words, evidence to clarify an ambiguity is not needed when no ambiguity is shown to exist."). Further, even if it were appropriate for the Court to consider evidence of conduct, Defendant Souders's statement that she was not operating as Big Red Sun in Austin in 2019 has no bearing on her ability to do so now.

Therefore, the Court finds that BRS Landscape is unlikely to succeed on the merits of its claims that it has the exclusive right to do business as Big Red Sun in Texas and that Defendants have breached the License Agreement by operating as Big Red Sun in Texas. Because the Court finds that BRS Landscape is unlikely to succeed on the merits of these claims, the Court will not address the other factors needed to secure a preliminary injunction. The Court denies BRS Landscape's request to enjoin Defendants from using the Big Red Sun Marks in Texas for competing services.

As part of its request that Defendants be enjoined from doing business in Texas as Big Red Sun, BRS Landscape asks the Court to enjoin Defendants from using Plaintiff's vendor accounts, as Defendant Souders has allegedly "used one of [BRS Landscape's] tax-exempt accounts numerous times without permission to purchase landscape-related supplies." (Mot., Dkt. 4, at 18). Defendants represent that this was a result of a vendor's mistake. (Resp., Dkt. 22, at 14). BRS Landscape does not counter this allegation in its reply, nor does it allege that Defendants will purposely continue to

use BRS Landscape's accounts to its detriment. Therefore, the Court will not enjoin Defendants from using Plaintiff's vendor accounts.

## IV. CONCLUSION

Given that Defendants have not moved for a preliminary injunction enjoining BRS Landscape from operating as Big Red Sun in Texas, BRS Landscape has not shown that there would be irreparable and imminent harm if the Court declines to issue a preliminary order permitting BRS Landscape to continue doing business as Big Red Sun. Additionally, BRS Landscape has not shown that it is likely to succeed on the merits of its claims that it has the exclusive right to do business as Big Red Sun in Texas and that Defendants have breached the License Agreement by operating as Big Red Sun in Texas.

For these reasons, **IT IS ORDERED** that BRS Landscape's motion for a preliminary injunction, (Dkt. 4), is **DENIED**.

**SIGNED** on January 19, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE